[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by the plaintiff's complaint dated March 18, 1994 with a return date of April 26, 1994. The defendant filed an answer on August 9, 1994. The matter was claimed for a court trial on August 18, 1994. This is a Home Improvement Construction case. The plaintiff, Donald Yanovich, owns property at 30 Southwick Avenue, Waterbury, Connecticut. The defendant is Fred Shahen dba Shahen Remodeling and he is a Home Improvement Contractor.
The plaintiff and defendant signed a contract on January 7, 1991 whereby the defendant was going to construct a 16 foot by 12 foot room addition onto the plaintiff's home at 30 Southwick Avenue, Waterbury, Connecticut. (Exhibit A). The cost of this contract was $18,500.00. The plaintiff stated that he believed he paid the contract price in cash. The defendant stated that he believed the plaintiff paid for the contract with a $3,000.00 check and $15,500,000 in cash. The defendant commenced work shortly after the contract was signed and finished in four or five months according to the plaintiff's testimony.
The plaintiff testified that the city Building Inspector CT Page 12597 stopped work because no one had taken out a building permit for the job. The plaintiff testified that he did not know that he needed a building permit until he got a letter about it from the Assistant Building Inspector for the city. The plaintiff then got the necessary permit (Exhibit F). The defendant testified that he did not get a building permit for the job because the defendant told him he would get the permit. The defendant testified that he was licensed by the State of Connecticut in January 1991 but that he did not know if he had a Certificate of Registration from the Commissioner of Consumer Protection at the time as required by Connecticut General Statute § 20-420. Eugene Graveline, an Assistant Building Inspector for the city testified that you have to be a licensed contractor to get a permit for someone else.
The plaintiff testified that according to item 12 in the subject contract the defendant was supposed to construct a whole new deck for him on the subject premises. He testified that the defendant did not completely tear down the old deck. The defendant claimed that the plaintiff agreed to allow him to use a portion of the old deck and in return he agreed to build a privacy wall which was not called for in the contract. The plaintiff said he had no such agreement and he would not have agreed to that because he did not want two different colored woods in the deck.
The new addition had aluminum siding down to the ground when the building code stated it should be eight inches from the ground. However, there is no claim for damages for this problem. The defendant testified that he did not know this was a code violation. The assistant building inspector visited the premises on February 13, 1992 and sent a letter dated February 18, 1992 to the plaintiff which outlined the items that had to be finished as of that date (Exhibit B). The defendant stated he corrected the handrail problem on the back deck and the guards required on the open side of the stairs from the rear porch as set forth in Exhibit B. As to the other items in Exhibit B, the defendant stated that he did not pour the concrete footing, that the building inspector approved the hangers for the floor joist for the new portion of the deck and did not require them on the old portion thereof and finally the rear door light was the plaintiff's responsibility. However, when the Assistant Building Inspector Eugene Graveline testified, he did not say anything about deleting the requirement of the hangers on the floor joist for the old deck CT Page 12598 that remained.
The plaintiff also stated that he had to have his brother and a contractor repair and rebuild the front steps and railings which were installed by the defendant. He stated he paid Thomas Carlin $318.00 for this work. (Exhibit C) The defendant stated he made the front steps but that they were supposed to be an extra for which he was never paid.
The plaintiff stated that one of the skylights that the defendant installed started leaking two or three months after the defendant left the job and that water from the leak stained the new oak floor in the new addition. The plaintiff testified that he and his brother put tar around the skylight but that it still leaks in heavy rains. When the court viewed the premises with the parties and the plaintiff's attorney at the conclusion of the trial, it did see evidence of a skylight water leak, in that there was a cracked ceiling therefrom and stains were visible on the floor from water leaking from the skylight.
Also the plaintiff testified the defendant did not finish the electrical work as set forth in the contract. The plaintiff stated he paid $484.76 for electrical fixtures and plugs that the defendant was to provide. When the defendant left the job site, the plaintiff testified that he left the wires for the electrical fixtures and plugs just hanging there. The plaintiff testified a friend of his did the electrical work at no cost to him. He also testified that he and the defendant were going to pick out and install the lighting together and that he was going to pay something toward this cost if it was not exorbitant.
Thomas Carlin, a home improvement contractor, testified that he gave the plaintiff an estimate of what it would cost to finish and repair the addition on the subject home. That estimate was for $4,685.00 (Exhibit D). That figure is broken down as follows:
 1. Pour concrete pillars for deck in accordance with the building code. $830.00
 2. Use 6 x 6 inch pressurized support columns instead of the 4 x 4 inch columns the defendant used $400.00 CT Page 12599
 3. Install approximately 80 2 x 10 joist hangers into crossorm plates $1,350.00
4. Refinish floor $475.00
 5. Reflash two skylights which are leaking $590.00
6. Retape ceiling — 3 coats $300.00
7. Stainkill water stains on ceiling $150.00
 8. Popcorn spray entire ceiling on new addition $295.00
9. Finish upstairs hall window $295.00
Thus the plaintiff is claiming total damages of $5,487.76.
Thomas Carlin testified if there were joist hangers already installed on the new portion of the deck then the costs of installing them on the old portion thereof would be one-half of the estimate cost or $675.00. When the court viewed the premises, it found that there were joist hangers on the new portion of said deck. Mr. Carlin also testified that the deck was very heavy and that he always used 6 x 6 inch beams to support the deck and not the 4 x 4 inch beams the defendant used on the plaintiff's deck. He did say that the 4 x 4 inch that the defendant used on the deck were probably within the specifications of the building code. Mr. Graveline the Assistant Building Inspector made no mention of any problem with the use of the 4 x 4 inch beams.
The defendant claims the plaintiff owes him $400.00 for the following:
1. Shingling the existing roof $100.00
2. Construction of front stairs $200.00
 3. Changing the bar in the new addition to circular from L shape $100.00
After hearing the evidence and viewing the premises, the court finds that the plaintiff has sustained his burden of proof CT Page 12600 on the first count of his complaint. The court orders that the plaintiff shall recover damages from the defendant in the amount of $4,412.76 plus costs. The damages are arrived at as follows:
 Repair to front stairs $318.00 Exhibit C
 Electrical fixtures $484.76 Exhibit E
Concrete Pillars for deck $830.00
 Install joist hangers into crossorm plates $675.00
Refinish floor $475.50
Reflash skylights $590.00
Retape ceiling $300.00
Stainkill water stains in ceiling $150.00
Popcorn spray entire ceiling $295.00
Finish upstairs hall window $295.00
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.